*Paulin*, 17 NY3d 238 [2011]). However, the record supports the court's alternative holding in which it denied the motion on its merits. The court properly exercised its discretion in determining that substantial justice dictated denial of the motion (*see generally People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]), given defendant's extremely poor prison disciplinary record and his extensive criminal history. Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ. **[Prior Case History: 26 Misc 3d 1217(A), 2010 NY Slip Op 50118(U).]**

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRICE CARROW, Appellant. [932 NYS2d 20]—

Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORCENE SIMS, Appellant. [932 NYS2d 20]—

Concur—Tom, J.P., Andrias, Catterson, Acosta and Renwick, JJ.

In the Matter of CHARTASIA H., an Infant. SANDRA H.H., Appellant; ST. DOMINIC'S HOME, Respondent, et al., Respondents. [931 NYS2d 221]—

The evidence demonstrated that denial of the paternal grandmother's petition for custody in favor of freeing the subject